IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IALIK MUCHISON,<br>       Plaintiff,<br><br>       v.<br><br>JP MORGAN CHASE,<br>       Defendant. | CIVIL ACTION<br><br><br><br>NO.  23-00683 |

MEMORANDUM

HODGE, J.                                                                                                            MARCH 10, 2023

Plaintiff Ialik Muchison initiated this civil action by filing a *pro se* Complaint against JP Morgan Chase.  Muchison seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Muchison leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Muchison will be given an opportunity to file an amended complaint.

I.      FACTUAL ALLEGATIONS[1]

Muchison's allegations are quite brief.  He contends that his due process rights were violated when Defendant JP Morgan Chase seized funds from his bank account.  (Compl. at 3-4.)  He appears to claim that there was a $5,000 lien imposed on him and $2,750 in his account was "frozen."  (*See id.* at 4.)  Because Muchison could not access the funds in his account, he was unable to pay his bills, which adversely impacted his credit score.  (*Id.* at 5.)  He further contends that he was "in [the] process of buying a house" but the seizure of funds "made it impossible."  (*Id.*)  Muchison seeks the return of his funds.  (*Id.*)

---

[1] The facts set forth in this Memorandum are taken from Muchison's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

The Court will grant Muchison leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Muchison's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Muchison is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

2

>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Whether a private entity is acting under color of state law – *i.e.*, whether the defendant is a state actor subject to liability under § 1983 – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Muchison's Complaint in its current form is undeveloped and falls short of providing sufficient factual allegations to state a plausible claim.  As an initial matter, Muchison has not

plausibly alleged facts demonstrating that JP Morgan Chase was a state actor for purposes of § 1983. Indeed, Muchison has not alleged any details suggesting that the conduct of Defendant constituted state action. He merely claims that his due process rights were violated when his funds were seized and his bank account was frozen. Here, Muchison utilized a form complaint to submit his initial pleading. In response to the query on the form, "[w]as anyone else involved?" Muchison indicates "family court." (*See* Compl. at 4.) However, this passing reference does not plead sufficient factual matter to allow the Court to infer that Defendant acted under color of state law.

In any event, Muchison has failed to plead a plausible basis for a Fourteenth Amendment claim. The Due Process Clause of the Fourteenth Amendment prohibits the states from depriving any person of property without "due process of law." U.S. Const. amend. XIV, § 1. To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citation omitted). Construing the Complaint liberally, the circumstances of the alleged constitutional deprivation remain unclear. Muchison has not alleged what procedures were available to him, or withheld from him, or how those procedures were inadequate or otherwise deprived him of due process. Because Muchison's Complaint does not provide any factual allegations explaining how the seizure violated his due process rights, it does not support a plausible Fourteenth Amendment Claim under the *Iqbal* pleading standard.[2] Accordingly, Muchison's claim will be dismissed.

---

[2] Due to the undeveloped nature of Muchison's allegations, the Court can discern no other plausible basis for a claim within the Court's jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Muchison leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Cognizant of Muchison's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for his claims. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
HODGE, KELLEY B., J.